**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
RUBY LEE ANDINO,

                                 Plaintiff,                          **COMPLAINT**

        -against-

                                                                    **PLAINTIFF DEMANDS**
CITY VINEYARD LLC and CITY WINERY LLC,                              **A TRIAL BY JURY**
                                 Defendants.
-------------------------------------------------------------X

Plaintiff RUBY LEE ANDINO ("Plaintiff"), by her attorneys, PHILLIPS & ASSOCIATES, PLLC, hereby complains of the Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1.     Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964 as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"), the New York State Human Rights Law, 15 N.Y. Exec. Law §§ 290 *et seq.* ("NYSHRL"), and the New York City Human Rights Law, New York City Administrative Code §§ 8-107 *et. seq.* ("NYCHRL") and seeks damages to redress the injuries she been suffering as a result of being **discriminated against, sexually harassed and retaliated against on the basis of her sex/gender (female).**

## PARTIES

2.     Plaintiff is a female who resides in the state New York, county of Bronx.

3.     Upon information and belief, Defendant CITY VINEYARD LLC ("CITY VINEYARD") is a foreign limited liability company operating under the laws of the state of New York at 233 West Street, New York, NY 10013.

4.     At all relevant times, Defendant CITY VINEYARD was an employer of Plaintiff within the meaning of the Title VII and the NYSCHRL.

1

5. At all relevant times, Plaintiff was an "employee" of Defendant CITY VINEYARD.

6. At all relevant times, Plaintiff was paid by Defendant CITY VINEYARD.

7. Upon information and belief, Defendant CITY VINEYARD is a subsidiary of Defendant CITY WINERY LLC ("CITY WINERY").

8. Defendant CITY WINERY is a foreign limited liability company operating under the laws of the state of New York with a primary business address of 25 11th Avenue, New York, NY 10011.

9. Facts which demonstrate that Defendant CITY WINERY was Plaintiff's employer include, but are not limited to, the following:

    a. Defendant CITY WINERY permitted Plaintiff to work;

    b. Defendant CITY WINERY benefitted from Plaintiff's work;

    c. Defendant CITY WINERY had either functional and/or formal control over the terms and conditions of Plaintiff's work; and

    d. Plaintiff performed work integral to Defendant CITY WINERY's operation

10. Both Defendants CITY VINEYARD and CITY WINERY were Plaintiff's joint employers.

11. Alternatively, Defendants CITY VINEYARD and CITY WINERY constitute a single employer for purposes of this action.

12. By way of example, Defendant CITY VINEYARD is fully owned and operated by Defendant CITY WINERY.

13. By way of a second example, Defendants CITY VINEYARD and CITY WINERY share an executive team.

14. By way of a third example, Defendants CITY VINEYARD and CITY WINERY share a Human Resources department and Plaintiff's termination letter was signed by CITY WINERY.

15. By way of a fourth example, payroll records for Defendant CITY VINEYARD are kept at Defendant CITY WINERY's business address.

### JURISDICTION, VENUE, AND PROCEDURAL PREREQUISITES

16. This Court has subject matter jurisdiction over Claimant's claims pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343.

17. This Court has supplemental jurisdiction over Claimant's claims under the NYSHRL and the NYCHRL pursuant to 28 U.S.C. § 1367.

18. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claim occurred within the Southern District of New York.

19. By: (a) timely filing a Charge of Discrimination with the New York State Division of Human Rights and cross-filing, the same, with Equal Employment Opportunity Commission ("EEOC") on August 29, 2022; (b) receiving a Notice of Right to Sue from the EEOC on March 29, 2023; (c) commencing this action within 90 days of the issuance of the Notice of Right to Sue by the EEOC; and (d) contemporaneously with the filing of this Complaint, mailing a copies thereof to the New York City Commission of Human Rights ("NYCCHR") and the Office of the Corporation Counsel of the City of New York pursuant to the notice requirements of § 8-502 of the New York City Administrative Code, Plaintiff has satisfied all of the procedural prerequisites for the commencement of the instant action. A copy of the Notice of Right to Sue is annexed hereto as Exhibit A; a copy of the transmittal letter to the NYCCHR, et ano., is annexed hereto as Exhibit B.

### MATERIAL FACTS

20. On or about August 7, 2021, Plaintiff began working for Defendant CITY VINEYARD as

a line cook, earning $20 per hour and working approximately 45 hours per week.

21. Plaintiff worked primarily under Emery Robinson ("Robinson"), the sous chef at CITY VINEYARD and in that capacity, Robinson was Plaintiff's supervisor and/or had supervisory authority over Plaintiff. Robinson had the authority to affect the terms and conditions of Plaintiff's employment, or to otherwise influence the decisionmaker of the same.

22. On or about June 19, 2022, Plaintiff was subjected to unwanted sexual comments and advances by Robinson.

23. Plaintiff was in the kitchen when Robinson began to loudly comment on Plaintiff's physical appearance, told her not to bend over near him, and said, in sum and substance, "If I wasn't married, I'd fuck you." The egregious and harassing comments were made in front of other employees working in the kitchen.

24. Robinson's comments made Plaintiff extremely uncomfortable, and she told Robinson that she was not interested in his advances.

25. Plaintiff complained to Steven Castro ("Castro"), a manager at CITY VINEYARD, immediately after the unwanted comments. Castro told Plaintiff to continue working. To Plaintiff's knowledge, Castro took no further action based on her complaint.

26. That same day, Plaintiff also complained about the harassment from Robinson to Jamell Veras ("Veras"), another manager at CITY VINEYARD. Responding to Plaintiff expressing her desire to make a formal complaint to Human Resources, Veras said, in sum and substance, "Do what you have to do." Veras did not provide Plaintiff with any information about contacting Human Resources. To Plaintiff's knowledge, Veras took no further action based on her complaint.

27. Thereafter and in retaliation for her complaints of sexual harassment, Plaintiff's assigned

hours were drastically cut from an average of about 45 hours or more per week to approximately 15 hours per week.

28. Despite her complaints to both Castro and Veras, Plaintiff continued to be placed on the same shifts as Robinson.

29. Plaintiff felt uncomfortable and unsafe working around Robinson, as he had become extremely aggressive towards her since rejecting his advances and creating a retaliatory hostile work environment.  Robinson began frequently using derogatory language such as "bitch" and "ugly bitch."

30. By way of further example, on or about June 26, 2022, Plaintiff was working at her station preparing fish when Robinson approached her and began aggressively critiquing and nitpicking her work.

31. Typically, two employees worked at every station in the kitchen, but Plaintiff was forced to work her station alone. Robinson had the authority to reassign kitchen staff as needed. Despite this, Robinson continued to shout at Plaintiff in front of other employees.

32. Plaintiff understood Robinson's threatening behavior to be in retaliation for rejecting his sexual advances.

33. That same day, Plaintiff again approached Veras to complain about the retaliation and continued harassment she was experiencing from Robinson. Plaintiff further complained about being scheduled to work with Robinson and asked Veras about the drastic reduction in her hours.

34. Veras told Plaintiff that Ty Smith ("Smith"), another manager at CITY VINEYARD, was solely responsible for scheduling shifts. Veras told Plaintiff to email her complaint to Smith and Human Resources using Veras's office computer.

35. Plaintiff used her personal email account to draft a complaint to Human Resources and

Smith about Robinson's unwanted sexual comments and continued harassing behavior, indicating that she felt uncomfortable working with him. Before she could send the email, however, Veras removed Human Resources from the email recipients, telling Plaintiff that it should only go to Smith.

36. On or about June 28, 2022, Plaintiff had a meeting with Smith regarding her complaint. Smith told Plaintiff that he did not manage the shift schedule for back-of-house employees. According to Smith, Robinson was the one in control of Plaintiff's schedule.

37. Plaintiff understood this to mean that Robinson had been scheduling her to work alongside him and cutting her hours in further retaliation for her rejection of his advances.

38. Smith told Plaintiff that he would investigate her complaint and inform Human Resources.

39. On or about July 1, 2022, Plaintiff took scheduled vacation.

40. On or about July 13, 2022, Plaintiff returned to work. Plaintiff was distress to learn that she was still being scheduled to work alongside Robinson. Plaintiff continued to experience aggressive and intimidating behavior from Robinson, including calling Plaintiff an "ugly bitch."

41. Plaintiff further learned that Smith was no longer employed at CITY VINEYARD.

42. On or about July 15, 2022, Plaintiff approached Thomas Fallon ("Fallon"), the Service Director for Defendant CITY WINERY, and brought up her complaints regarding the sexual harassment and retaliation from Robinson.

43. Fallon told Plaintiff that he was already aware of her complaints and that an investigation was ongoing. Plaintiff reminded Fallon that she felt unsafe around Robinson but was still being forced to work alongside him. To Plaintiff's knowledge, Fallon took no further action to address her concerns about working with Robinson.

44. On or about July 17, 2022, Plaintiff again experienced harassing and demeaning language

6

from Robinson. Attempting to stand up for herself, Plaintiff said, in sum and substance, "If you want respect, you have to give respect," and asked Robinson to stop calling her a "bitch."

45.    In response, Robinson called Plaintiff an "ugly, stupid-ass bitch," and lunged at her. Ell (LNU), another employee who had been working at the grill station, moved between Plaintiff and Robinson to stop Robinson from reaching her. Believing herself to be in physical danger from Robinson, Plaintiff reflexively threw the spatula she had been holding in his direction, but it did not hit Robinson. Multiple other kitchen employees attempted to physically restrain Robinson as he continued to try to attack Plaintiff.

46.    Castro, who witnessed the altercation, told Robinson to stop and said, in sum and substance, "You gonna hit a girl?" Castro instructed Plaintiff to leave work. To Plaintiff's knowledge, Robinson was allowed to continue his shift.

47.    Later that morning, Plaintiff emailed Fallon and Christopher Graziose ("Graziose"), Executive Chef for CITY WINERY, reiterating that she did not feel safe working with Robinson.

48.    The next day, Plaintiff spoke to Fallon and Graziose on the phone, who informed her that she would be placed on a one-week suspension.

49.    On or about July 20, 2022, Plaintiff emailed Fallon and Graziose to ask if she would be paid during her suspension. Plaintiff did not receive a response.

50.    On or about July 21, 2022, Plaintiff texted Fallon and Graziose regarding pay and asked when she would be able to return to work.

51.    In response, Fallon and Graziose called Plaintiff and terminated her employment, stating in sum and substance: "we have to let you go." Plaintiff understood this to be a retaliatory termination, in that, she would not have been "let go" but for her complaint of

7

discrimination.

52. Fallon and Graziose informed Plaintiff that she would be paid for her suspension. Plaintiff has not yet received payment.

53. Defendants engaged in unlawful employment practices by discriminating against Plaintiff because of her **sex/gender (female).**

54. Despite Plaintiff's complaints, Defendants CITY VINEYARD and CITY WINERY have failed to sufficiently investigate the allegations and to take prompt and appropriate remedial action to prevent or correct further discrimination and harassment.

55. Defendants knew that Plaintiff was being subjected to a hostile work environment.

56. Defendants condoned, supported, ratified, and furthered the discriminatory and hostile conduct.

57. Defendants willingly ignored their obligations to prevent discrimination in the workplace - to the detriment of Plaintiff.

58. Despite Defendants' clear knowledge of the discriminatory actions against Plaintiff, Defendants did not make any effort to remedy the situation.

59. Throughout her employment, Plaintiff felt humiliated, stressed, demeaned, insulted, fearful, and frustrated.

60. Defendants allowed an environment to exist that is permeated with sexual harassment, gender-based discrimination, and other unlawful acts against Plaintiff.

61. Defendants' actions and conduct were intentional, grossly negligent, and intended to harm Plaintiff.

62. As a result, Plaintiff was unlawfully humiliated, degraded and belittled, suffered violations of her rights, suffered physical, mental, and emotional distress, experienced inconvenience, pain and suffering, humiliation, stress, anxiety, embarrassment and other emotional

8

distress.

63.     Plaintiff also suffered emotional pain, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

64.     Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.

65.     Punitive damages are warranted against all Defendants.

**AS A FIRST CAUSE OF ACTION**
**DISCRIMINATION UNDER TITLE VII**

66. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

67. This claim is authorized and instituted pursuant to the provisions of Title VII for relief based upon the unlawful employment practices of Defendants.

68. Claimant complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's sex/gender.

69. Defendants engaged in unlawful employment practices by discriminating against Plaintiff because of her **sex/gender (female).**

**AS A SECOND CAUSE OF ACTION**
**RETALIATION UNDER TITLE VII**

70.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

71.     Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> (1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

9

72.     Corporate Defendant engaged in unlawful employment practice prohibited by Title VII by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Corporate Defendant.

**AS A THIRD CAUSE OF ACTION**
**DISCRIMINATION UNDER THE NYSHRL**

73. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

74. New York State Executive Law § 296(1)(a) provides that, "It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, **sex**, disability, predisposing genetic characteristics, familial status, marital status or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

75. Defendants violated the section cited herein by discharging, creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of her sex/gender (female).

**AS A FOURTH CAUSE OF ACTION**
**RETALIATION UNDER THE NYSHRL**

76.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

77.     Executive Law § 296 provides that, "7. It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has filed a complaint, testified, or assisted in any

proceeding under this article."

78.   Defendants engaged in unlawful discriminatory practices by discriminating against Plaintiff because of her opposition to the unlawful employment practices of the Defendants.

79.

**AS AN FIFTH CAUSE OF ACTION**
**DISCRIMINATION UNDER THE NYCHRL**

80. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

81. The New York City Administrative Code § 8-107(1) provides that it shall be unlawful

> (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, **gender**, disability, marital status, partnership status, caregiver status, sexual and reproductive health decisions, sexual orientation,  uniformed service or alienage or citizenship status of any person… to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

82. Defendants engaged in an unlawful discriminatory practice in violation of the NYCHRL by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of her sex/gender (female).

**AS A SIXTH CAUSE OF ACTION**
**RETALIATION UNDER THE NYCHRL**

83.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

84.   The New York City Administrative Code §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

85.   Defendants engaged in unlawful discriminatory practices in violation of New York City Administrative Code §8-107(7) by discriminating against Plaintiff because of Plaintiff's

opposition to the unlawful employment practices of Defendants.

## JURY DEMAND

86.    Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendants:

A.    Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII, the NYSHRL, and the NYCHRL in that Defendants discriminated against Plaintiff on the basis of her gender/sex.

B.    Declaring that Defendant engaged in unlawful employment practices prohibited by Title VII, the NYSHRL, and the NYCHRL in that Defendants retaliated against Plaintiff for engaging in a protected activity;

C.    Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D.    Awarding Plaintiff punitive damages;

E.    Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

F.    Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
       May 12, 2023

                                        **PHILLIPS & ASSOCIATES,**
                                        **ATTORNEYS AT LAW, PLLC**

                                By:    _Brittany Stevens (May 12, 2023 16:12 EDT)_____
                                        Brittany A. Stevens, Esq.
                                        Daniela C. Mendes, Esq.
                                        *Attorneys for Plaintiff*
                                        45 Broadway, Suite 430
                                        New York, New York 10006

T: (212) 248-7431
F: (212) 901-2107
bstevens@tpglaws.com
dmendes@tpglaws.com

13

# R. Andino Complaint to File

Final Audit Report                                                                2023-05-12

| | |
|---|---|
| Created: | 2023-05-12 |
| By: | Gemma Sunnergren (gsunnergren@tpglaws.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA7EWPzpkQIZRfOi14xAuiXFUkW358XBbX |

## "R. Andino Complaint to File" History

📄 Document created by Gemma Sunnergren (gsunnergren@tpglaws.com)
2023-05-12 - 7:58:06 PM GMT

✉ Document emailed to Brittany Stevens (bstevens@tpglaws.com) for signature
2023-05-12 - 7:58:30 PM GMT

📄 Email viewed by Brittany Stevens (bstevens@tpglaws.com)
2023-05-12 - 8:12:44 PM GMT

✍ Document e-signed by Brittany Stevens (bstevens@tpglaws.com)
Signature Date: 2023-05-12 - 8:12:57 PM GMT - Time Source: server

✅ Agreement completed.
2023-05-12 - 8:12:57 PM GMT

Adobe Acrobat Sign